# Third District Court of Appeal
## State of Florida

Opinion filed January 5, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2171
Lower Tribunal No. 16-17511
_____


**Roberto Verde and Solangel Verde,**
Appellants,

vs.

**HSBC Bank USA, National Association,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Rodolfo A. Ruiz, Judge.

Law Offices of Evan M. Rosen, P.A., and Evan M. Rosen (Hollywood), for appellants.

LOGS Legal Group LLP, and Ileen J. Cantor, and Ronald M. Gaché (Boca Raton), for appellee.


Before SCALES, LINDSEY and MILLER, JJ.

**ON MOTION FOR REHEARING**

LINDSEY, J.

We grant Appellants Roberto and Solangel Verdes' motion for rehearing, withdraw our prior opinion, and substitute the following in its stead.

In October 2017, the Verdes (Defendants below) appealed from an order denying their section 57.105(7) motion for prevailing party attorney's fees following Appellee HSBC Bank USA, National Association's (Plaintiff below) voluntary dismissal of the underlying foreclosure action. The Verdes had raised standing as an affirmative defense. At the fee hearing, the trial court observed that the case law at the time "has made very clear [that] you cannot rely on a provision that entitles you to fees, that at the same time you are attacking as inapplicable in your affirmative defenses and the way in which you litigate."

While this appeal was pending, the Florida Supreme Court decided Glass v. Nationstar Mortgage, LLC, 44 Fla. L. Weekly S100 (Fla. Jan. 4, 2019) ("Glass I"), opinion withdrawn and superseded, 268 So. 3d 676 (Fla. 2019). Because Glass I was relevant to the issue on appeal—whether raising standing as an affirmative defense barred the Verdes from recovering fees under section 57.105(7)—we ordered supplemental briefing. On April 18, 2019, the Florida Supreme Court withdrew Glass I and discharged

2

jurisdiction as improvidently granted.  Glass v. Nationstar Mortgage, LLC, 268 So. 3d 676, 677 (Fla. 2019).  Shortly thereafter, this Court per curiam affirmed.

The Verdes timely moved for rehearing, and while their motion was pending, the Florida Supreme Court decided Page v. Deutsche Bank Trust Co. Americas, 308 So. 3d 953, 959 (Fla. 2020), holding that a borrower may recover reciprocal fees under section 57.105(7), even if the borrower raises a lack of standing argument, if the borrower is able to establish the existence of a fee provision in the underlying contact, and the borrower prevails in an action with respect to the contract.  See also § 57.105(7), Fla. Stat. (2021) ("If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract."); Nationstar Mortgage LLC v. Faramarz, 46 Fla. L. Weekly D2646 (Fla. 4th DCA Dec. 15, 2021) (explaining that the holding in Page "necessarily negated our previous stance that 'NO STANDING = NO ATTORNEY'S FEES'").

We once again ordered supplemental briefing.  The parties do not dispute that the Verdes prevailed below.  Moreover, it is undisputed that the

3

mortgage contains a fee provision and that HSBC Bank was a party to the mortgage by virtue of an assignment, both of which are attached to its verified foreclosure Complaint.[1]  Consequently, because it is undisputed that the Verdes prevailed below and that they and HSBC Bank were parties to a contract with a fee provision, we conclude the Verdes were entitled to fees pursuant to section 57.105(7).  We therefore reverse the order on appeal and remand for entry of an order in favor of the Verdes on entitlement and for further proceedings.

Reversed and remanded.

---

[1] In their answer and sworn discovery responses, the Verdes admitted they were parties to the mortgage.  Further, in its opposition to the Verdes' motion for fees, HSBC Bank admitted it was the assignee of the mortgage.

4